STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
MINNEAPOLIS, MINN
09 OCT 13 AM 11:33
CITY CLERK
DEPARTMENT

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE - Personal Injury

Melissa Hill,

Plaintiff,

vs.

Sgt. Michael Young, Officer David Roiger,
Captain Matthew A. Clark, Deputy Chief
Robert Allen, Deputy Chief Scott Gerlicher,
Chief Timothy Dolan, Officer John Doe
(whose true name is unknown), Officer Jane
Roe (whose true name is unknown)
and City of Minneapolis,

Defendants.

**SUMMONS**

Case No. _____

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon the Plaintiff's attorney, an answer

to the Complaint which is herewith served upon you, within twenty (20) days after service of this

Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the Complaint.

You are hereby notified that this case may be subject to an Alternative Dispute Resolution

process as set forth under Rule 114 of the Minnesota Rules of Practice for the District Courts.

Dated: October 12, 2009

LAW OFFICE OF JORDAN S. KUSHNER

By_____
    Jordan S. Kushner, ID 219307
    Attorney for Plaintiff
    431 South 7th Street, Suite 2446
    Minneapolis, Minnesota 55415
    (612) 288-0545

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE - Personal Injury

---

Melissa Hill,

Plaintiff,

vs.

Sgt. Michael Young,
Officer David Roiger,
Captain Matthew A. Clark,
Deputy Chief Robert Allen,
Deputy Chief Scott Gerlicher,
Chief Timothy Dolan,
Officer John Doe (whose true
name is unknown), Officer Jane
Roe (whose true name is unknown)
and City of Minneapolis,

Defendants.

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Case No. _____

---

Plaintiff Melissa Hill, for her Complaint against Defendants, states and alleges as follows:

## I. INTRODUCTION

1.      This is a civil rights action arising from Minneapolis police officers' false and illegal arrest of Plaintiff Melissa Hill after she left a concert and was trying to go home in the early morning of September 4, 2008. Plaintiff's causes of action include violations of her civil rights pursuant to 42 U.S.C. § 1983, and state common law claims.

## II. PARTIES

2.      Plaintiff Melissa Lynn Hill is a resident of Hennepin County Minnesota.

3.      Defendant Sgt. Michael Young is a police officer working for the City of

Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

4. Defendant Officer David Roiger is a police officer working for the City of Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

5. Defendant Captain Matthew A. Clark is a police officer working for the City of Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

6. Defendant Deputy Chief Robert Allen is a police officer working for the City of Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

7. Defendant Deputy Chief Scott Gerlicher is a police officer working for the City of Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

8. Defendant Chief Timothy Dolan is a police officer working for the City of Minneapolis, who, in the course of his police duties, violated the rights of Plaintiff. He is being sued in his personal and official capacities.

9. Defendant Officers John Doe and Jane Roe, whose true names are unknown, are police officers in the City of Minneapolis, who, in the course of their police duties, violated the rights of Plaintiff. They are being sued in their personal and official capacities.

10. Defendant City of Minneapolis is a city in the State of Minnesota, and through its police officer employees, is responsible for the actions that are the subject of this

2

action.

### III. FACTS

11.     Near midnight on September 3, 2008, Plaintiff Melissa Hill left the Target Center in downtown Minneapolis after attending a concert by "Rage Against the Machine." A large crowd of concert-goers and possibly other people, and hundreds of police officers were outside of the Target Center. Police officers on horses and bicycles, and officers in riot gear blocked streets and intersections, thereby creating confusion in the crowd about where to go or how to leave the area. Plaintiff proceeded to walk eastbound on 7th Street in order to get out of the way of the police. Many others walked in the same direction. Police officers on bicycle and in riot gear followed them.

12.     As Plaintiff reached the intersection of 2nd Avenue and 7th Street, police fired ammunition that caused a large bang and made a lot of smoke. Plaintiff reflexively ran farther east to get away from what sounded like a bomb. Police on bicycles and in riot gear were blocking the avenue ahead, so Plaintiff turned back the other way. Police officers then surrounded the group of people walking on 7th Street at 2nd Avenue, and ordered them to sit down with their hands on their heads.

13.     Police forced Plaintiff, along with dozens of others to sit on the ground handcuffed from about midnight to 3 am. The Police took Plaintiff's mug shot, searched her and took her belongings, including her camera. Police then placed Plaintiff on a bus and drove her to the Hennepin County jail. About 45 minutes later, Plaintiff was given a citation for Presence at an Unlawful Assembly, Interference with Vehicular or Pedestrian Traffic, and Public Nuisance. She did not commit any of these, or any other offenses. Plaintiff had to retrieve some of her

3

belongings the next day, and discovered that her camera was damaged.

14.    Defendant Sgt. Michael Young is identified in police reports as Plaintiff's arresting officer. His supplemental report states that he participated in encircling the crowd at 7th Street and 2nd Avenue, and processed some of the people for misdemeanor violations. Defendant Officer David Roiger is listed in Plaintiff's citation as her arresting officer. Young's supplement states that he was in a squad car with Defendant Captain Matthew Clark. According to other police reports, including Clark's own supplement, Defendant Clark ordered the arrest of persons in the area of 7th Street and 2nd Avenue. Clark's supplement further states that Defendant Scott Gerhlicher planned the police response to the street protests occurring at the time, and that Defendants Deputy Chief Robert Allen and Chief Timothy Dolan were at the scene and participated in the decision to falsely arrest Plaintiff and others.

15.    The charges against Plaintiff were false. There were no grounds whatsoever to believe that Plaintiff had committed the offenses listed in her citation, or any other offenses. She was merely walking on the city sidewalks after leaving a public event, observing interaction between police and the public, and trying to go home.

16.    Plaintiff was forced to appear in court and retain an attorney to defend herself against the false criminal charges in court proceedings. Prior to trial, the prosecutor dismissed the charges.

17.    The actions of Defendant police officers, the City of Minneapolis and others constituted a deliberate action to violate the constitutional rights of Plaintiff and others under the First and Fourth Amendments. Defendants targeted over a hundred people, including Plaintiff, for false arrest based on their perceived political views which Defendants derived from

4

attendance at the Rage Against the Machine Concert during the Republican National Convention.

18.     As a result of Defendants' actions, Plaintiff suffered mental and emotional distress, embarrassment and humiliation, damage to her reputation, the invasion of her person and property, substantial legal costs, and has incurred other losses and damages.

## IV.  CAUSES OF ACTION

19.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 18 of this Complaint.

20.     **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT -- UNLAWFUL ARREST AND DETENTION.**  Defendants, acting under color of state law, deprived Plaintiff Melissa Hill of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by arresting and detaining Ms. Hill without any probable cause to believe she had committed any crime, and then falsely charging her with crimes.

21.     **COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FIRST AMENDMENT.**  Defendants, acting under color of state law, deprived Plaintiff Melissa Hill of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of her First Amendment Right to Free Speech and Association by detaining, arresting, and falsely criminally charging her in retaliation for exercising her basic and fundamental rights to attend an artistic performance that had a political message, and in the process, to be associated with others who might or might not have supported that message.

5

22.    **COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY.**

Defendants, acting under color of state law, deprived Plaintiff Melissa Hill of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by conspiring among themselves and with others to violate Plaintiffs' rights under the First and Fourth Amendments, in connection with the unlawful arrest and detention, and false criminal allegations and prosecution.

23.    **COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1983 - POLICY AND CUSTOM.** Defendant City of Minneapolis and individual Defendants deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by engaging policies, practices and customs of unlawful police action against persons engaged in group political expression and even people who are merely part of crowds.

24.    **COUNT 5 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO PROPERLY TRAIN AND SUPERVISE.** Defendant City of Minneapolis and individual Defendants deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise its Defendant police officers to respect the constitutional and other rights of its citizens, and thereby encouraged and implicitly authorized individual Defendants to violate Plaintiff's rights. The City of Minneapolis has maintained an ongoing practice and custom that continue with the incidents described in this Complaint, which includes but is not limited to a pattern of police persecution and violations of constitutional rights of persons engaged in controversial political expression, and failing to take reasonable action in response to individual Defendant

6

police officers who have a known history of intentional violations of the rights and safety of citizens.

25. **COUNT 6 - FALSE IMPRISONMENT.** Defendants, by their above-described actions, wrongfully, illegally, and unjustifiably confined and restrained Plaintiff without her consent, and thereby falsely imprisoned her.

26. **COUNT 7 - MALICIOUS PROSECUTION.** Defendants, by their above-described actions, maliciously prosecuted Plaintiff by arranging for criminal charges against Plaintiff that were not supported by any probable cause other than as a result of Defendants' false allegations.

27. **COUNT 8 - NEGLIGENCE.** Defendants, by their above-described actions, breached their duty to exercise a reasonable standard of care in dealing with Plaintiff Melissa Hill, and acted willfully and maliciously.

28. As a result of Defendants' above-described illegal conduct, Plaintiff Melissa Hill has suffered the damages described in paragraph 18 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in her favor as follows:

1. Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally in an amount to be determined.

2. Awarding punitive damages against Defendants.

3.. Awarding Plaintiff all of her costs and disbursements herein, and prejudgment interest.

4. Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988.

5.    Such other and further relief as the Court may deem just and proper.

Dated:  October 12, 2009

LAW OFFICE OF JORDAN S. KUSHNER

By_____

Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545

### ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiff, by her undersigned attorney, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated:  October 12, 2009

By_____

Jordan S. Kushner, ID 219307
Attorney for Plaintiff

8